LOLLEY, J.
| lovenda Janice Allen Sonnier (“Loven-da”) appeals the judgment of the Second Judicial District Court, Parish of Jackson, State of Louisiana, wherein the trial court granted a motion for summary judgment in favor of the defendants, Andrea Sonnier Conner and Thomas Sonnier (collectively, the “defendants”), and dismissed her claims. For the following reasons, we reverse the trial court’s judgment.
Facts
This matter has been before our court previously and an opinion rendered in the matter, Sonnier v. Conner, 43,811 (La.App.2d Cir.12/03/08), 998 So.2d 344, writ denied, 2009-0309 (La.04/03/09), 6 So.3d 773 (“Sonnier I ”). We adopt the detailed facts as stated in Sonnier I and will not repeat those herein; however, we note the following series of events:
1)In 1988, Lovenda executed two deeds regarding three separate parcels of property (the “Property”) to her niece, Sharon Allen McEachern (wife of Jerry McEachern);
2) In 1993, the McEacherns conveyed the Property to Rennie and Gloria Sonnier in the form of two separate deeds;
3) Gloria Sonnier died on October 5, 1994, her succession was opened, and the judgment of possession rendered in 1995 did not describe the Property;
4) Rennie Sonnier died on May 30, 2003, his succession was opened, and the judgment of possession rendered in 2004 did not describe the Property. His children, Thomas Sonnier and Andrea Sonnier Conner, were his sole heirs;
5) A mineral lease of the Property was granted by the defendants in favor of Devon Energy Production Company, LLC and was recorded on August 5, 2004;
|26) The defendants petitioned the district court to amend their parents’ successions to include the Property and amended judgments of possession were rendered on August 6, 2004;
7) The defendants executed an Act of Exchange with Diamond McCattle Company, LLC regarding the Property, which act was recorded on August 30, 2004; and,
8) In 2005, two cash sale deeds regarding the Property were recorded in Jackson Parish, which were reportedly executed on April 30, 1993, signed by Rennie and Gloria Sonnier as vendors, and purportedly transferred the property to Lovenda as vendee.
Lovenda filed suit against the defendants, alleging that the deeds transferring the Property were simulations and that she, and not the defendants, is the rightful owner of the property. The McEacherns intervened in the matter, acknowledging that the deeds to them by Lovenda were simulations, as were the deeds between them and Rennie and Gloria Sonnier. The *715 defendants moved for summary judgment, which the trial court granted. We reversed the trial court grant of summary judgment in Sonnier I, which served to reinstate Lovenda’s claims against the defendants. In a lengthy and detailed opinion, we concluded that:
Material fact issues exist for the resolution of [Lovenda’s] claim of alleged simulated sales. Based upon our interpretation of Civil Code Articles 1848 and 2480, the evidence of [Lovenda’s] retained corporeal possession, the allegation of nonpayment of the price, and [Lovenda’s] and the McEaeherns’ alleged intentions for the acts of the sale to the Sonniers and the Blank Deed raise fact issues which the Defendant’s motion for summary judgment did not attempt to overcome.
Notwithstanding the clear explanation contained in Sonnier I, the defendants filed a second motion for summary judgment. In it they claimed that: Lovenda executed the deeds in favor of the McEac-herns in order to |3hide the property from her creditors; such a cause to enter into a contract is immoral or illicit and against public policy; and, resultantly, the deed was an absolute nullity. The trial court again granted the Sonniers’ motion for summary judgment, and Lovenda has appealed.
Discussion
From the very beginning, the crux of this litigation is whether or not the deeds in question were simulations as claimed by Lovenda. A major issue addressed in Sonnier I was whether the trial court could consider parol evidence in making such a determination. We determined that parol evidence could indeed be considered by the trial court and that genuine issues of material fact existed making summary judgment erroneous. Sonnier I, at 858.
In this second appeal, the defendants have seemingly conceded that the deeds were simulations (presumably an alternative defense), and are attacking Lovenda’s cause for executing the initial deeds under La. C.C. art. 2033. The trial court has again granted summary judgment in favor of the defendants, agreeing with the defendants’ assertion that the 1988 deeds were absolutely null on a public policy basis.[1] However, as stated, the seminal question in this litigation is whether the deeds in question were in fact simulations. In Son-nier I, after thorough discussion, we concluded that the question would need to be answered after a trial of the matter — not in a summary proceeding. We noted previously that Lovenda’s claims, if true, ] 4would result in the deeds being absolute simulations, as defined in La. C.C. art. 2026. Providing expressly for an absolute simulated contract in the Civil Code, our law reflects no public policy bar to such transactions as between the parties to such act. If that is ultimately determined, the deeds would not have had any effects between the parties — as if the transactions never occurred. Thus, at this juncture, it was error for the trial court to make a determination regarding Lovenda’s cause for executing the instruments, and it was not relevant. The evidence must be examined to determine whether the deeds were absolute simulations, and her purpose regarding her creditors is not pertinent for making that initial determination as be *716 tween these particular parties.[2] As made ■ clear in Sonnier I, the issue of whether the deeds in question were indeed simulations should be determined after a consideration of all the evidence in a trial of the matter; thus, the trial court’s grant of summary-judgment in favor of the defendants on this second issue was in error.
Conclusion
So considering, the judgment of the trial court which granted the motion for summary judgment by Andrea Sonnier Conner and Thomas Sonnier is reversed. All costs of this appeal are to be paid by the defendants.
REVERSED AND REMANDED.

. The trial court's judgment concluded only that no genuine issues of material fact existed based on the defendants' motion for summary judgment and supporting documentation. At the hearing, the trial court declared, "I think the depositions of the parties indicate that it was done to defraud the creditors or to defraud somebody so I'm gonna allow the motion for summary judgment.”

. Furthermore, in the event that any creditors were indeed defrauded by her actions, those creditors could seek to have the deeds annulled through a revocatory action. See La. C.C. arts. 2036 et seq.